UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER COURTNEY,<br><br>          Plaintiff,<br><br>     v.<br><br>RIVERVIEW SCHOOL DISTRICT NO. 407, a State of Washington Public School District; BARBARA WARBERG, individually, and as former Principal of Stillwater Elementary School, and the marital community composed of BARBARA and JAMES WARBERG; and MICHAEL PAUL SMITH,<br><br>          Defendants. | Case No. C07-1515MJP<br><br>ORDER REMANDING CASE |

This matter comes before the Court on Plaintiff Courtney's motion to remand and request for fees. (Dkt. No. 6.) Defendants Riverview School District ("Riverview") and Barbara Warberg oppose the motion. (Dkt. No. 9.) Having reviewed the motion and response, Plaintiff's reply (Dkt. No. 11), all documents submitted in support thereof and the record herein, the Court GRANTS Plaintiff's motion to remand but DENIES the request for attorneys' fees.

**Background**

On September 5, 2007, Plaintiff Jennifer Courtney filed suit in King County Superior Court, alleging that her former grade school teacher, Michael P. Smith, sexually harassed and molested her during her elementary years. Plaintiff alleges state claims against Mr. Smith, Riverview, and Barbara Warberg, and federal claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, against Riverview and Ms. Warberg. (See Dkt. No. 1.) On September 27, 2007, Defendants Riverview and Warberg filed a notice of

ORDER — 1

1 removal in this Court. (Dkt. No. 1.)

2 The record regarding service of process is not clear. In Washington, service of process is
3 accomplished by delivering a copy of the summons and complaint to the defendant himself, or by
4 leaving a copy at the defendant's house of usual abode with a resident of suitable age and
5 discretion. RCW 4.28.080(15); Wash. Super. Ct. Civ. R. 4(d)(1). In her declaration, counsel for
6 Plaintiff states that on September 6, 2007, the day after she filed the complaint, she sent copies of
7 the complaint to counsel for all three defendants. (Vreeland Decl. ¶ 2.) She states that counsel for
8 Defendant Smith advised that he would accept service of process on behalf of his client, and did
9 so on October 2, 2007. (Id. ¶ 4.) Counsel for Riverview and Warberg states in her declaration
10 that Plaintiff's counsel personally served Riverview on September 24, 2007. (Mack Decl. ¶ 2.) It
11 is not clear when Defendant Warberg was served, if ever.[1]

12 On October 26, Plaintiff filed this motion to remand to state court, alleging that
13 Defendants' removal notice is procedurally defective because it was not joined by Defendant
14 Smith. Plaintiff also requests fees. Defendants Riverview and Warberg argue that the removal
15 notice was proper. Although Defendant Smith has appeared in this action, he has not responded
16 to Plaintiff's motion.

### Discussion

18 The party or parties seeking removal have the burden of showing that they complied with
19 the procedural requirements for removal. Schwartz v. FHP Int'l Corp., 947 F. Supp. 1354, 1360
20 (D. Ariz. 1996). Removal is governed by 28 U.S.C. § 1446, which requires that all defendants in
21 a state action join in the petition for removal, except for nominal, unknown or fraudulently joined
22 parties. See United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762-63 (9th Cir. 2002);
23 Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Generally, the failure to

---

[1] An unsigned and undated document entitled "Acceptance of Service on Behalf of Riverview School District No. 407 and Barbara Warberg and James Warberg" is attached to the notice of removal. (Dkt. No. 1, at 18-19.)

ORDER — 2

join all proper defendants in a removal petition renders a removal notice procedurally defective. Emrich, 846 F.2d at 1193.

Plaintiff argues that Defendants' notice of removal is defective because it was not joined by Defendant Smith. But the rule that all defendants must join in a removal notice only applies to defendants properly joined and served in the action: "a party not served need not be joined [in the removal notice]; the defendants summonsed can remove by themselves." Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984), superceded in unrelated part by statute as stated in Ethridge v. Harbor House Rest., 861 F.2d 1389 (9th Cir. 1988); see also Emrich, 846 F.2d at 1193 n.1. Because Defendant Smith was not formally served until October 2, 2007, his joinder is not necessary for the notice.

Plaintiff apparently believes that because she notified Defendant Smith of the suit by sending his attorney a copy of the complaint, the requirement that all defendants join in the removal notice applies. But receipt of a copy of the complaint does not trigger the 28 U.S.C. § 1446(b) thirty-day window for filing a notice of removal. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Instead, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. (emphasis added). Defendant Smith was not served until October 2, five days after Defendants Riverview and Warberg filed their removal notice. Therefore, Defendants' removal notice is not deficient on the grounds that all proper defendants failed to join it.[2] See Salveson, 731 F.2d at 1429.

Nevertheless, Defendants' notice is still defective. Where fewer than all the defendants join in a removal notice, the removing party has the burden of explaining affirmatively the absence of any co-defendants in the removal notice. Prize Frize, Inc. v. Matrix Inc., 167 F.3d 1261, 1266

---

[2] Based on the Court's conclusion in this regard, the Court need not consider Defendants' alternative argument that Defendant Smith is a "nominal" party.

ORDER — 3

1   (9th Cir. 1999), superceded in unrelated part by statute as stated in Abrego Abrego v. The Dow
2   Chemical Co., 443 F.3d 676 (9th Cir. 2006).  The failure to expressly indicate why one or more of
3   the defendants have not joined in the removal notice renders a removal notice procedurally
4   defective. Prize Frize, 167 F.3d at 1266; Lee v. Wal-Mart, 2:06-CV-762-KJD-PAL, 2006 WL
5   3149366 at *3 (D. Nev., Nov. 2, 2006).  Here, Defendants Riverview and Warberg's removal
6   notice does not explain Defendant Smith's absence from the notice.  In fact, the notice's only
7   mention of Defendant Smith is in a statement that a copy of the removal notice "is being served
8   upon counsel for ... defendant Michael Paul Smith...." (Dkt. No. 1, Notice of Removal ¶ 2.)
9   Because it does not expressly indicate why Michael Paul Smith had not joined in the removal
10  notice, the notice is procedurally defective. See Prize Frize, 167 F.3d at 1266.

11          Defendants had a thirty day statutory period to cure their defective notice. See Fee, 2006
12  WL 3149366 at *3.  During those thirty days, Defendant Smith appeared in this action, but did
13  not join in the removal notice.  In addition, Defendants Riverview and Warberg did not amend
14  their notice to explain Defendant Smith's failure to join.  Thus, because the removal notice is
15  defective and its deficiencies were not cured during the thirty-day statutory period, Defendants'
16  notice fails to meet the requirements of 28 U.S.C. § 1446 and remand is appropriate.

17          Plaintiff requests an award of her costs and fees in the amount of $1050.00 incurred for
18  the motion for remand.  When a federal court remands a case, it "may require payment of just
19  costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28
20  U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under §
21  1447(c) only where the removing party lacked an objectively reasonable basis for seeking
22  removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." Martin
23  v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).  The Franklin Court also instructed that fees
24  serve to deter defendants from prolonging litigation through removal:

25  > The appropriate test for awarding fees under § 1447(c) should recognize the desire
    > to deter removals sought for the purpose of prolonging litigation and imposing costs
26  > on the opposing party, while not undermining Congress' basic decision to afford
    > defendants a right to remove as a general matter, when the statutory criteria are
27
    ORDER — 4

1  satisfied.

2  <u>Id.</u> In this case, Plaintiff alleges claims under 42 U.S.C. § 1983 and 20 U.S.C. § 1681.

3  Therefore, the Court has original jurisdiction under 28 U.S.C. § 1331 and Plaintiff's action is

4  generally removable under 28 U.S.C. § 1441. Defendants Riverview and Warberg timely filed

5  their notice of removal and did not need to include Defendant Smith in their notice as he has not

6  yet been served. Moreover, Plaintiff has not alleged or presented evidence suggesting that

7  Defendants sought removal to prolong litigation or impose costs on Plaintiff. Therefore, even

8  though the notice is incurably defective for failure to explain Defendant Smith's absence, the

9  Court finds that Defendants Riverview and Warberg had an objectively reasonable basis for

10  removal. The request for fees is denied.

**Conclusion**

12  Defendants' removal notice is defective because it did not expressly indicate why

13  Defendant Smith had not joined in the removal notice. Because the removal notice does not

14  comply with § 1446, the motion to remand is GRANTED. But Plaintiff's request for fees is

15  DENIED.

16  Filed this 17th day of December, 2007.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge

ORDER — 5